# PORTO RICO
# FEDERAL REPORTS

IN RE JOSÉ CANGIANO Y HIJO, Voluntary Bankrupt.

Ponce, Bankruptcy, No. 53.

On Voluntary Application.

Bankruptcy—Right of Foreigner to File Voluntary Petition.
> A foreigner may file a voluntary petition in bankruptcy as the benefits of the Bankruptcy Act are intended not only for the debtor, but also for the creditors.

Opinion filed May 22, 1916.

Hamilton, Judge, delivered the following opinion:

This is a voluntary application. The papers do not throw any light upon the applicant's citizenship, but it is represented to the court that he is an Italian, and the question comes up whether the Bankruptcy Law is applicable to a foreigner doing business in the United States.

Section 4 of the Bankruptcy Act says that any person except a corporation shall be entitled to the benefits of this act as a

In re Cangiano y Hijo.

voluntary bankrupt. And there seems to be no principle and no decision limiting the right to American citizens. Section 51 provides that the clerk shall collect fees except when the petition of a proposed voluntary bankrupt is accompanied by an affidavit stating that the petitioner is without, and cannot obtain, the money with which to pay such fees. This also has no exception as to foreigners, and therein differs from the ordinary rule or suits *in forma pauperis,* which confines them to citizens of the United States. It would seem that this provision is in the Bankruptcy Act in order to cover all cases, and it also would tend to show that the act was not confined to Americans.

Moreover the object of the Bankruptcy Act must be taken into account. That is twofold,—first, to permit worthy debtors to obtain a release from their debts upon turning over all their property; and, in the second place, to enable creditors to obtain satisfaction of their claims by compelling debtors so to turn over their property in settlement. In other words, the act is meant for the benefit both of the debtor and of the creditors, and if it was construed that the debtor must be an American, the result would be that in some cases creditors, who are from necessity of the case generally Americans, would not be able to obtain satisfaction under the Bankruptcy Act. This construction is not to be assumed.

It follows, therefore, that even if the point was presented upon the papers themselves, there would be no objection to the application of José Cangiano y Hijo merely because he is an Italian.

The usual adjudication in bankruptcy and reference to Referee Lee are ordered to be made.